**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Melissa McCoy, Michael Brown, John Doe, and Stanley
Watts, Defendants,

Of Whom Melissa McCoy is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-000356

Appeal From Dillon County
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2016-UP-128
Submitted February 16, 2016 – Filed March 1, 2016

**AFFIRMED**

Sally Ward Peace, of Sally Ward Peace, PA, of Conway,
for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Jesse Stanley Cartrette, Jr., of The Cartrette Law Firm, of Florence, for the Guardian ad Litem.

---

**PER CURIAM:** Melissa McCoy (Mother) appeals the family court's termination of her parental rights to her twelve-year-old daughter and six-year-old son (collectively, Children), arguing clear and convincing evidence does not support termination of parental rights (TPR) based on (1) willful failure to provide material support for a period of at least six months; (2) failure to remedy the conditions causing removal of Children; and (3) a diagnosable condition unlikely to change. Mother also argues TPR was not in Children's best interests. We affirm.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and also finding TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2015). The grounds for TPR must be proven by clear and convincing evidence. *Dep't of Soc. Servs. v. Mrs. H.*, 346 S.C. 329, 333, 550 S.E.2d 898, 901 (Ct. App. 2001); *see also S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.*

We find clear and convincing evidence supports TPR based on Mother's diagnosable condition. A statutory ground for TPR exists when "[t]he parent has a diagnosable condition unlikely to change within a reasonable time including . . . mental deficiency [or] mental illness . . . and the condition makes the parent unlikely to provide minimally acceptable care of the child." § 63-7-2570(6). We find Mother has a diagnosable condition of schizophrenia. Dr. Charles Jackson, who performed Mother's initial psychological evaluation, diagnosed Mother with disorganized schizophrenia. Jackson testified Mother's schizophrenia and disorganized behavior placed Children in danger of neglect, and Jackson did not believe at the time of his evaluation Mother was capable of protecting and providing for Children.

Dr. Simi Sachdev, a psychiatrist from Tri-County Mental Health, treated Mother after Mother was subsequently admitted to the McLeod Dillon emergency department multiple times in the preceding year. Dr. Sachdev testified she diagnosed Mother with paranoid schizophrenia. Dr. Sachdev indicated she attempted to control Mother's symptoms with an antipsychotic medication but Mother's condition was chronic and would not go away. Dr. Sachdev believed Mother was compliant with taking her medications and Mother was more stable than when she was initially seen in the emergency department. Dr. Sachdev further testified Mother's diagnosis was insufficient for her to make a determination about Mother's parenting abilities. Dr. Sachdev's testimony Mother's schizophrenia was chronic and her symptoms could be controlled but not cured along with Dr. Jackson's testimony Mother's condition and disorganized behavior presented a danger of neglect cumulatively establish clear and convincing evidence showing Mother would be unlikely to provide minimally acceptable care for Children despite her stabilizing condition.[1]

We also find clear and convincing evidence shows TPR is in the best interests of Children. "In a TPR case, the best interest of the child is the paramount consideration." *S.C. Dep't of Soc. Servs. v. Williams*, 412 S.C. 458, 469, 772 S.E.2d 279, 285 (Ct. App. 2015). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "A primary objective of the TPR statutes is to free children for the stability adoption can provide." *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009); *see* S.C. Code Ann. § 63-7-2510 (2010). We disagree with Mother's contention the Department of Social Services (DSS) failed to show TPR was in Children's best interests. While we acknowledge Mother and Children share an affectionate bond, the risks posed by Mother's diagnosable condition place Children at risk of future neglect. While Mother's condition has shown improvement and treatment has helped alleviate the symptoms of her schizophrenia, Mother has still been unable to secure employment, disability, or housing. While DSS had not found an adoptive family at the time of the TPR

---

[1] Mother argues arguing clear and convincing evidence does not support TPR on two additional grounds: (1) willful failure to provide material support for a period of at least six months and (2) failure to remedy the conditions causing removal of Children. We decline to address these issues because we find clear and convincing evidence exists to affirm TPR based on Mother's diagnosable condition. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address additional grounds for TPR when clear and convincing evidence justified TPR on another ground).

hearing, the DSS caseworker's testimony shows Children are both adoptable and efforts are being made to place Children.  Further, the Guardian ad Litem and the Guardian ad Litem's supervisor both acknowledged that while Mother is doing her best, Mother's diagnosable condition prevents her from doing what is necessary for Children.  Based on Mother's diagnosable condition and her inability to secure housing for herself and Children, we believe TPR is in Children's best interests.

**AFFIRMED.**[2]

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.